# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LARRY BARBER, | Case No. 2:17-cv-03135-GMN-CWH |
| Plaintiff, | |
| v. | **ORDER** |
| KILIAN LEE, et al., | |
| Defendants. | |

Presently before the court is plaintiff Larry Barber's motion to extend time to respond (ECF No. 23), filed on April 17, 2019. Defendants did not file a response.

Also before the court is plaintiff's ex parte motion for appointment of counsel (ECF No. 24), filed on April 17, 2019.

Also before the court is plaintiff's motion to extend the scheduling order (ECF No. 26), filed on May 10, 2019. Defendants James Dzurenda and Brian Williams filed a notice of non-opposition (ECF No. 27) on May 24, 2019.

**I.    BACKGROUND**

This is a pro se prisoner civil rights case alleging excessive force and retaliation. (Second Am. Compl. (ECF No. 8); Order (ECF No. 9).) Plaintiff alleges that defendant Killian Lee, a correctional officer, attempted to break his wrist while placing him in handcuffs during a search of plaintiff's cell. Plaintiff further alleges that after the incident with Officer Lee, he wrote letters to defendants Brian Williams, High Desert State Prison Warden, and James Dzurenda, the Nevada Department of Corrections director, filing grievances against Lee. Plaintiff further alleges that following the grievances, his points were increased and that he was then transferred to a maximum-security prison.

//

## II. MOTION TO EXTEND TIME TO RESPOND

Plaintiff moves for a 30-day continuance to comply with Local Rule 7.1-1, which governs the requirements for the certificate of interested parties.[1] (Mot. to Extend (ECF No. 23).) Under Local Rule 7-2(d), the "failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to granting of the motion." Here, defendants did not file a response. The court therefore grants plaintiff's motion.

## III. MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff also moves for the ex parte appointment of legal counsel to assist him in this case. As a preliminary matter, the court finds no reason why this motion should be sealed on the docket. Therefore, the court orders the clerk of court to unseal plaintiff's motion.

Civil litigants do not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. For example, courts have discretion, under 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *Agyeman v. Corrections Corp. of Am.*,

---

[1] Local Rule 7.1-1 states that

> (a) Unless the court orders otherwise, in all cases except habeas corpus cases, pro se parties and attorneys for private non-governmental parties must identify in the disclosure statement all persons, associations of persons, firms, partnerships or corporations (including parent corporations) that have a direct, pecuniary interest in the outcome of the case.
>
> The disclosure statement must include the following certification:
>
> The undersigned, pro se party or attorney of record for _____, certifies that the following may have a direct, pecuniary interest in the outcome of this case: (here list the names of all such parties and identify their connection and interests.) These representations are made to enable judges of the court to evaluate possible disqualifications or recusal.
>
> Signature, Pro Se Party or Attorney of Record for _____.
>
> (b) If there are no known interested parties other than those participating in the case, a statement to that effect will satisfy this rule.
>
> (c) A party must file its disclosure statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court. A party must promptly file a supplemental certification upon any change in the information that this rule requires.

390 F.3d 1101, 1103 (9th Cir. 2004). The circumstances in which a court will make such a request, however, are exceedingly rare and require a finding of extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986).

To determine whether the "exceptional circumstances" necessary for appointment of counsel are present, the court evaluates (1) the likelihood of plaintiff's success on the merits and (2) the plaintiff's ability to articulate his claim pro se "in light of the complexity of the legal issues involved." *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn*, 789 F.2d at 1331). Neither of these factors is dispositive and both must be viewed together. *Wilborn*, 789 F.2d at 1331. It is within the court's discretion whether to request that an attorney represent an indigent civil litigant under 28 U.S.C. § 1915(e)(1). *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

Here, Barber does not demonstrate the exceptional circumstances required for the appointment of an attorney. Given the case's early procedural posture, the court is unable to evaluate Barber's likelihood of success on the merits. But Barber has thus far demonstrated an ability to articulate his claims without an attorney, and the legal issues in this case are not complex. Any pro se litigant "would be better served with the assistance of counsel." *Rand v. Rowland,* 113 F.3d 1520, 1525 (9th Cir. 1997) (citing *Wilborn,* 789 F.2d at 1331). Nonetheless, so long as a pro se litigant can "articulate his claims against the relative complexity of the matter," the "exceptional circumstances" which might require the appointment of counsel do not exist. *Id.* The court in its discretion therefore will deny Barber's motion.

**IV. MOTION TO EXTEND**

Plaintiff also moves to extend discovery deadlines for 90 days. (Mot. to Extend (ECF No. 26).) Defendants respond with a notice of non-opposition and a proposed schedule for the completion of discovery. (ECF No. 27.) Plaintiff did not file a reply objecting to the proposed schedule. As such, the court grants plaintiff's motion and adopts defendants' proposed schedule.

//

//

//

## V. CONCLUSION

IT IS THEREFORE ORDERED that plaintiff Barber's motion to extend time to respond (ECF No. 23) is GRANTED. Plaintiff must file a certificate of interested parties by July 10, 2019.

IT IS FURTHER ORDERED that plaintiff's ex parte motion for appointment of counsel (ECF No. 24) is DENIED without prejudice.

IT IS FURTHER ORDERED that the clerk of court shall unseal plaintiff's motion for appointment of counsel (ECF No. 24) and serve the motion on defendants.

IT IS FURTHER ORDERED that plaintiff Barber's motion to extend the scheduling order (ECF No. 26) is GRANTED. The scheduling order is amended accordingly:

| | |
|---|---|
| Discovery cutoff | October 7, 2019 |
| Motions to amend pleadings and add parties | September 5, 2019 |
| Expert designations | August 22, 2019 |
| Rebuttal expert designations | September 23, 2019 |
| Discovery motions | October 21, 2019 |
| Dispositive motions | November 6, 2019 |
| Pretrial Order | December 6, 2019 |

DATED: June 6, 2019

C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE